**W.G. and B.G., individually and as the parents of R.G., a minor, Plaintiffs,**

v.

**BOARD OF TRUSTEES OF TARGET RANGE SCHOOL DISTRICT NO. 23 MISSOULA, MONTANA, Defendants.**

**No. CV 88–162–M–CCL.**

United States District Court,
D. Montana,
Missoula Division.

Jan. 3, 1991.

Andree Larose, Montana Advocacy Program, Helena, Mont., for plaintiffs.

Michael Sehestedt, Deputy County Atty., Missoula, Mont., for defendants.

## OPINION AND ORDER

LOVELL, District Judge.

This matter is before the court on Plaintiffs' complaint that Defendant Board of Trustees of Target Range School District No. 23 of Missoula County, Montana (Target Range) denied their son's right to a free public education. The parties have fully briefed the merits of the case. After carefully considering the briefs and the content of the record, the court is now prepared to rule.

## BACKGROUND

Plaintiffs, W.G. and B.G., are the parents of R.G., a minor child who has a significant, specific learning disability. Plaintiffs reside in the Target Range School District, which is the school district statutorily charged with providing a free public education to any handicapped child within the school's district.

R.G. attended Target Range until he completed his fifth grade year. During the time he attended Target Range, R.G. showed extremely poor academic performance. He was tested occasionally and received some resource room assistance, but his teachers attributed his problems mainly to poor attention and forgetfulness. At no time did Target Range diagnose R.G.'s learning disability. R.G. was required to stay after school to complete his work and in fact spent most evenings and weekends working on his studies. As a result of his problems in school, R.G. suffered gastrointestinal pain, low self-esteem, and at one

point his mother worried that he was suicidal.

Finally in 1985, B.G. requested an independent evaluation for R.G. The evaluation resulted in a diagnosis of significant, specific learning disability; however, the Office of Public Instruction informed Target Range at the end of the 1984–85 school year that the determination of a learning disability had to be made by a Child Study Team (CST). Plaintiffs transferred R.G. to St. Joseph Elementary School in the fall of 1985, where R.G. repeated his fifth grade year.

Target Range did not attempt to institute a CST for R.G. until two years later, after St. Joseph School conducted psychological tests on R.G. and a St. Joseph CST found R.G. to be learning disabled. Target Range accepted the CST's finding of a learning disability and set up an October 5, 1987, meeting between Plaintiffs and representatives from both schools in order to develop an Individual Education Program (IEP) for R.G. R.G.'s parents told Target Range officials that they would arrange for attendance by St. Joseph officials; however, no one from St. Joseph's attended the meeting. Although an IEP must be developed by the public school, the child's parents, and the child's regular teacher, at the initial IEP meeting, Mark Thane, principal for Target Range, presented Plaintiffs with a completed IEP for R.G. Plaintiffs refused to sign the pre-prepared IEP and presented Thane with a list of ten factors they wished included in the IEP. Thane told Plaintiffs he would respond to their list within a short period.

Subsequently, exchanges of correspondence took place. Plaintiffs desired that R.G. receive his special education at St. Joseph, and if that were not possible then they desired that Target Range provide transportation from St. Joseph to Target Range for the times in which R.G. was to receive his special education. Target Range informed Plaintiffs that it did not have a duty to comply with Plaintiffs' wishes, but that R.G. was welcome to have his IEP administered at Target Range, either as a full-time student or at a time when his parents could bring him to Target Range. As a result, Plaintiffs obtained private instruction for R.G. that incorporated the instruction methods suggested by the St. Joseph CST. At no time did Target Range attempt to continue the October 5, 1987, meeting in order to develop an IEP in compliance with statutory requirements.

Plaintiffs filed a complaint with the Montana Office of Public Instruction, and requested reimbursement for the private tutoring they obtained for R.G. during the 1987–88 school year. The hearing examiner denied the request, holding that Target Range offered R.G. a free, appropriate education, which Plaintiffs unilaterally chose not to accept. Plaintiffs then filed the present action in this court, seeking reimbursement for the tutoring and attorney fees.

## DISCUSSION

■ The Education of the Handicapped Act (Act) requires all public schools which receive federal funds to assure that all handicapped children within the school district receive a "free, appropriate education." 20 U.S.C. § 1415(a); *Burlington School Committee v. Dept. of Education*, 471 U.S. 359, 105 S.Ct. 1996, 85 L.Ed.2d 385 (1985). A specific learning disability is a handicap within the Act. The statutorily required free, appropriate education is implemented through an IEP. 20 U.S.C. § 1401(a)(19). An IEP is to be developed through the participation of the child's public school, the regular classroom teacher, and the parents. 20 U.S.C. § 1401(a)(19); § 1414(a)(5); *Bd. of Education v. Rowley*, 458 U.S. 176, 182, 102 S.Ct. 3034, 3038, 73 L.Ed.2d 690 (1982).

■ When a court determines that the IEP developed by the school is inappropriate, and that the alternative education obtained by the parents is appropriate, the court has the discretion to require the school district to reimburse the parents for the alternate education. *Burlington*, 471 U.S. at 369, 105 S.Ct. at 2002. The court is not free to impose its own view of the quality of education on the school board; "once a court determines that the require-

ments of the Act have been met, questions of methodology are for resolution by the States." *Rowley*, 458 U.S. at 208, 102 S.Ct. at 3052.

■ The failure to develop an IEP according to the requirements of the Act results in the denial of a free, appropriate education. *Hall v. Vance County Bd. of Education*, 774 F.2d 629, 635 (4th Cir. 1985). This is not a case where the parents rejected an appropriate IEP. Rather, the court finds that Target Range failed to develop an IEP for R.G. according to the requirements of the Act. Target Range developed the IEP which it presented to Plaintiffs independently, without the input and participation of Plaintiffs, R.G.'s regular classroom teacher, or any representative of St. Joseph School. Target Range argues that Plaintiffs were responsible for assuring that representatives of St. Joseph's attended the meeting, and thus Target Range is not responsible for their lack of input. However, Target Range did not attempt to reconvene the meeting with the required individuals present, and in fact had already completed the IEP before convening the October 5, 1987, meeting. Because the IEP presented at that time was not developed in accordance with the Act, the education it recommended was not a free, appropriate education.

■ Target Range argues that the court should not order reimbursement for the tutoring Plaintiffs obtained for R.G. because the alternate education was inappropriate. According to Target Range, the tutor was not specially trained to administer the S.R.A. reading program used in the tutoring sessions, and for that reason the court should find the tutoring sessions inappropriate. However, "the *Burlington* rule is not so narrow as to permit reimbursement only when the interim placement chosen by the parent is found to be the exact proper placement required under the Act." *Alamo Heights Independent School Dist. v. Bd. of Educ.*, 790 F.2d 1153, 1161 (5th Cir.1986). In this case the alternative program incorporated changes recommended by the St. Joseph CST. Moreover, R.G.'s teachers reported marked im-

provements in R.G.'s performance after tutoring began. Although standardized tests administered at the end of the school year did not demonstrate measurable improvement, considering R.G.'s documented intellectual potential and the progress noted by his teachers, the court finds that the tutoring provided R.G. with an appropriate education. *See Hall by Hall*, 774 F.2d at 635.

Having determined that Target Range failed to provide R.G. with a free, appropriate education as required by the Act, and having found that the tutoring obtained by Plaintiffs was an appropriate alternative,

IT IS THEREFORE ORDERED that Target Range reimburse Plaintiffs in the amount of $2,681,81 for the tutoring provided to R.G. during the 1987–88 school year. Judgment shall enter for Plaintiffs.

Pursuant to 20 U.S.C. § 1415(e)(4)(B), which authorizes the district court to award reasonable attorneys fees to the prevailing party in a suit to enforce compliance with the Act,

IT IS FURTHER ORDERED that Target Range reimburse Plaintiffs for reasonable attorney fees, to be determined by the court. The parties shall confer and attempt to reach agreement as to a reasonable and allowable fee. If unable to agree within 10 days, Plaintiffs shall notify the court and shall forthwith file an affidavit setting forth the attorney time involved, nature of services, applicable rate, claimed total fee, and supportive data. Defendants may respond to Plaintiffs' filing within 5 days, and the matter of fees will then be deemed submitted unless the court has questions or desires a hearing.

The clerk is directed forthwith to notify counsel of entry of this order.